ZEPHERIN DUPRIES

*vs.*

MILWAUKEE & ST. PAUL RAILWAY Co.

Order opening a judgment and allowing defendant to answer upheld upon a consideration of the facts appearing.

An understanding in case of an extension of time to answer that if the answer is not served within the time of the extension, plaintiff may proceed to take judgment, does not deprive defendant of the right to apply to the court to have the judgment entered in accordance with such understanding set aside, and for leave to answer, on the ground of surprise, and excusable neglect.

Action brought in the district court for Winona county. The defendant's general attorney, John W. Cary, resides at Milwaukee, Wisconsin. After getting one extension of the time to answer while he was investigating the case, he retained, by telegraph, Wm. Mitchell, of the firm of Mitchell & Yale of Winona, to appear for the defendant, informing him that he would receive the answer prepared by him (Cary) by mail, and suggesting that he get a further extension of time for one week. This extension was granted, and the day it expired, which was on Saturday, Mitchell received another telegram from Cary, stating that he had sent papers with full instructions by mail to arrive at Winona on Monday. Mitchell applied to plaintiff's attorney for a further extension which was at first refused, but at length granted until the Monday forenoon following, with the understanding that if the answer was not then served plaintiff might take judgment. On Sunday evening Mr. Mitchell had to leave Winona for the East on business, and Mr. Yale his partner, and only other member

of the firm, had also to leave to attend the U. S. Court at St. Paul on the Monday morning's train which started before the train from Milwaukee arrived. Their clerk was instructed that on the arrival of the Milwaukee train he should open the letter which Mitchell had been advised he should receive from Cary, and serve the answer it was supposed to contain on plaintiff's attorney. When the letter arrived it contained, instead of the expected answer, a statement of the facts constituting the defense with a request that Mr. Mitchell draw the answer. It appears Mr. Cary was " suddenly and unexpectedly " called away from home, hence he sent the statement instead of the prepared answer which he had intended to send. No answer being served within the time stipulated, judgment was entered by default. An answer was served the next morning. A motion was made by the defendant to open the judgment, and for leave to answer, which was granted. The plaintiff appeals from the order granting the same.

THOMAS WILSON, for Appellant.

MITCHELL & YALE, for Respondent.

*By the Court.*—BERRY, J.—Defendants motion to have the judgment in this case opened, and for leave to answer, was addressed to the discretion of the court below and we see no evidence of its abuse. The facts (as to which there is no disagreement) were such as, in our opinion, to warrant the court in coming to the conclusion that defendant's default was the result of mingled surprise and excusable neglect.

If Cary had prepared the answer, as he intended to do, in accordance with his telegram to Mitchell, the default would not have occurred ; that he did not prepare it, was owing to the fact that he was " suddenly and unexpectedly called away

from home." On the other hand : if Mitchell and his partner had not both been necessarily absent when the complaint and statement of facts constituting the defense were received from Cary in lieu of the expected answer, the default would not have occurred. Mitchell could hardly be supposed to anticipate Cary's failure to transmit the answer, nor could Cary be supposed to anticipate the absence of both Mitchell and his partner. Defendant appears· to have used due diligence to remedy the failure to serve the answer in time, by serving the same on the next morning.

When the last extension of time to answer was asked for, it appears that plaintiff's counsel at first declined to grant the same, but that the time to answer was at length extended until Monday forenoon following, with the understanding, that if the answer was not served at that time plaintiff might proceed to take judgment. Judgment was entered up accordingly. Plaintiff claims that this was a *contract* to let him take what he styles a *valid* judgment, meaning as he explains it, a judgment which defendant would not move to vacate. But admitting, for arguments sake, merely, plaintiff's claim that the circumstances attending the last extension make out a contract, we are of opinion that the contract goes no further than to bind defendant to permit plaintiff to take judgment. This is the *language* of the supposed contract, and we perceive no reason for giving it any additional meaning beyond its language. Judging from the ordinary course of business of this kind we presume that defendant's agreement was in substance as if he had said to plaintiff, " You have already granted me several extensions, and since you object to a further extension, if you will consent to extend till Monday forenoon next, if I do not answer by that time you may take judgment, and I will not complain or ask you to extend further."

This is not an agreement, either in letter or in spirit, that defendant will not apply to the court to have the judgment set aside, and for leave to answer, upon the ground of surprise and excusable neglect.

The objection that the affidavit of Cary and the proposed answer do not show that defendant has any defense, is not much urged, and we need say no more than that we think it not well taken.

Order affirmed.